# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

JOHNATHON LEE CALLAHAN,

    Petitioner,

  v.                                 Case No. 3:17-CV-128 JVB

SHERIFF,

    Respondent.

## OPINION AND ORDER

Johnathon Lee Callahan, a pro se prisoner, filed a habeas corpus petition attempting to challenge his guilty plea for Resisting Arrest and two-year sentence by the Elkhart Superior Court on October 10, 2016, under cause number 20D03-1511-F6-1082. However, before a federal district court may grant habeas corpus relief, the petitioner must have exhausted his claims in the state courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004).

Here, Callahan has not properly presented any claims to the Indiana Supreme Court. He did not file a direct appeal and he has not filed a post-conviction relief petition. Callahan argues he should not have to appeal because the elected prosecutor at the time he was convicted is now the Indiana Attorney General. He argues this is a conflict of interest. It is not. The Attorney General, whoever it is, must represent the State of Indiana and work to have the convictions from every county upheld on appeal. Therefore all of Callahan's claims are unexhausted and this habeas corpus petition must be dismissed without prejudice so that he can pursue them in the State courts.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Callahan was sentenced on October 10, 2016. The time for filing a direct appeal expired on November 9, 2016. *See* Indiana Rules of Appellate Procedure 9.A.(1). Therefore the one-year period of limitation for filing a habeas corpus petition will not expire until at least November 9, 2017. *See* 28 U.S.C. § 2254(d)(1)(A). However, when he files a post-conviction relief petition challenging this conviction in State court, that will stop the one-year clock. Because he has more than seven months left to do so, dismissing this petition will not effectively end his chance at habeas corpus review and a stay would not be appropriate. *See* 28 U.S.C. § 2254(d)(2).

As a final matter, pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore there is no basis for encouraging him to proceed further in federal court until he has exhausted his claims in State court. Thus, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For the foregoing reasons the Court **DISMISSES** this case **WITHOUT PREJUDICE** pursuant to Section 2254 Habeas Corpus Rule 4 because the claims are unexhausted and **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

Johnathon Lee Callahan is **DENIED** leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3).

SO ORDERED on March 28, 2017.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE